FILED

Oct 17 2024, 8:43 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court



I N T H E

# Court of Appeals of Indiana

**Lone Oak Solar Energy LLC,**

*Appellant-Petitioner*

v.

**Indiana Utility Regulatory Commission, Indiana Office of Utility Consumer Counselor, Madison County Board of Zoning Appeals, and Madison County Board of Commissioners,**

*Appellees-Administrative Agency / Statutory Party / and Respondents*

---

October 17, 2024

Court of Appeals Case No.
24A-EX-33

Appeal from the Indiana Utility Regulatory Commission

The Honorable James F. Huston, Chairman

The Honorable Wesley R. Bennett, Commissioner
The Honorable Sarah E. Freeman, Commissioner
The Honorable David E. Veleta, Commissioner
The Honorable David E. Ziegner, Commissioner

The Honorable Loraine L. Seyfried, Chief Administrative Law Judge
IURC Cause No.
45883

**Opinion by Judge Mathias**
Chief Judge Altice and Judge Bailey concur.

**Mathias, Judge.**

[1] Indiana law permits the Indiana Utility Regulatory Commission (IURC) to decline to exercise jurisdiction over an energy utility where the IURC concludes that exercising its jurisdiction is not in the public interest. In 2019, Lone Oak Solar Energy LLC asked the IURC to decline to exercise jurisdiction over Lone Oak's construction and operation of a solar farm in Madison County, which Lone Oak would construct and operate instead in accordance with a special use permit entered by the Madison County Board of Zoning Appeals (BZA). The IURC agreed with Lone Oak's request and entered a declination order. In 2023, Lone Oak asked the BZA to amend the special use permit, but the BZA refused. Lone Oak then asked the IURC to reassert its jurisdiction and declare the BZA's refusal to amend the special use permit unreasonable. The IURC declined to reassert its jurisdiction.

[2] On appeal, Lone Oak raises four issues for our review. However, Lone Oak does not argue on appeal that the merits of the IURC's decision to not reassert its jurisdiction is erroneous. Nor does Lone Oak explain why it should be

allowed to ask the IURC for relief by way of a declination order, receive that relief, and then later argue—as it does here—that the IURC violated the law by granting Lone Oak that relief. Accordingly, we conclude that Lone Oak is unable to demonstrate error in the order on appeal. We therefore affirm the IURC's decision not to reassert its jurisdiction over Lone Oak's solar farm project.

## Facts and Procedural History[1]

[3] Lone Oak is a public utility and an energy utility, and it has proposed constructing a solar-energy generation system, commonly called a solar farm, in Madison County. Lone Oak would sell the electricity generated by the farm into the interstate wholesale power market. Lone Oak does not have captive retail consumers in Indiana.

[4] Madison County Ordinance No. 2017-BC-0-01 establishes standards in Madison County for the development and use of solar-energy generation systems. In May 2019, the BZA granted Lone Oak a special use permit pursuant to that ordinance. The special use permit required Lone Oak's solar farm to be constructed and operational by December 31, 2023.

[5] After it had obtained the special use permit, Lone Oak filed a verified petition with the IURC in which Lone Oak requested the IURC to decline to exercise

---

[1] We thank the several participating *amici* for their helpful briefs.

jurisdiction over Lone Oak "with respect to the construction, ownership, operation, and any other activity in connection with" its proposed Madison County solar farm. Appellant's App. Vol. 2, p. 233. In October 2019, the IURC accepted Lone Oak's request and entered an order in which the IURC found and concluded that exercising its jurisdiction over Lone Oak's Madison County solar farm project was not in the public interest. Although the IURC generally declined to exercise its jurisdiction, it did retain jurisdiction over Lone Oak with respect to "certain affiliate transactions, transfers of ownership, financial assurance requirements, and material changes" to the solar farm. *Id.* The IURC also imposed certain reporting requirements on Lone Oak. Otherwise, however, the IURC found that Lone Oak had acknowledged that it would comply with Madison County zoning regulations and would not rely on any public-utility exemption from those regulations.

[6] According to Lone Oak, soon thereafter the COVID-19 pandemic and other causes resulted in significant supply-chain issues that made the special use permit's December 31, 2023, completion date impossible. Lone Oak thus asked the BZA to amend the special use permit to extend that date into 2025 or to two years after the completion of any judicial review, whichever was later. The BZA declined to amend the special use permit. In August 2022, Lone Oak filed a petition for judicial review of the BZA's decision with the Grant Circuit Court.

[7] Meanwhile, Lone Oak also filed the instant petition, albeit under a new IURC cause number. In its petition, Lone Oak asked the IURC to reassert jurisdiction "for the limited purpose[] of . . . invalidating the . . . BZA findings that require

Lone Oak to commence construction and achieve operation by the dates specified" in the special use permit. *Id.* at 234. Lone Oak also asked the Grant Circuit Court to stay proceedings on the petition for judicial review pending the IURC's decision, which the Grant Circuit Court granted.

[8] After receiving evidence from the parties, the IURC found and concluded in relevant part as follows on Lone Oak's petition to reassert jurisdiction:

- Lone Oak has the availability to seek—and has sought—judicial review of the BZA's decision;
- Lone Oak affirmatively requested the IURC's initial order declining to exercise jurisdiction;
- the basis for the IURC's initial order declining to exercise jurisdiction "in the public interest has not changed," and, in particular, "Lone Oak has no direct Indiana retail customers";
- the BZA's regulation of the solar farm project is more than adequate to meet the public's needs; and
- reinstating jurisdiction for the limited purpose of reconsidering the solar farm's date of completion and operability "would only promote uncertainty about which entity has regulatory authority" here.

*Id.* at 240-42. This appeal ensued.

## Discussion and Decision

[9] Lone Oak appeals the IURC's decision to not reassert jurisdiction over Lone Oak's Madison County solar farm project. As our Supreme Court has made clear:

> The General Assembly established the [IURC] "as a fact-finding body with the technical expertise to administer the regulatory scheme devised by the legislature." *N. Ind. Pub. Serv. Co. v. U.S.*

*Steel Corp.*, 907 N.E.2d 1012, 1015 (Ind. 2009) (citations omitted) . . . . Review of [IURC] orders is two-tiered.

First, "it requires a review of whether there is substantial evidence in light of the whole record to support the [IURC's] findings of basic fact." *Id.* at 1016 (citing *Citizens Action Coal. of Ind., Inc. v. N. Ind. Pub. Serv. Co.*, 485 N.E.2d 610, 612 (Ind. 1985)). Under this substantial evidence standard, the [IURC's] "order will stand unless no substantial evidence supports it." *Id.* (citing *McClain v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317-18 (Ind. 1998)). The reviewing appellate court is to neither reweigh the evidence nor assess the credibility of witnesses. *Id.*

Second, the appellate court reviews whether the order contains "specific findings on all the factual determinations material to its ultimate conclusions." *Id.* (*citing Citizens Action Coal. of Ind., Inc.*, 485 N.E.2d at 612). The Court reviews the "conclusions of ultimate facts for reasonableness," giving deference to the [IURC] in areas within its expertise. *Id.* (citing *McClain*, 693 N.E.2d at 1317-18).

*City of Carmel v. Duke Energy Ind., LLC*, 234 N.E.3d 816, 819 (Ind. 2024).

[10] The IURC is responsible for assuring that Indiana's public utilities provide constant, reliable, and efficient service to all Hoosiers. *Id.* at 820. This responsibility includes the authority to determine whether municipal ordinances regulating public utilities are "unreasonable and thus void." *Id.* at 818, 820 (citing Ind. Code § 8-1-2-101). Because the IURC has ratemaking expertise, it can determine how a municipality's ordinances might affect costs to utility customers statewide. *Id.* at 820.

[11] In some circumstances, even though an entity might ordinarily be subject to the IURC's jurisdiction, if the public interest would not be served by the IURC's exercise of jurisdiction over it, the IURC may enter an order declining to exercise jurisdiction over the entity. I.C. § 8-1-2.5-5 (2018). In determining whether the public interest would be served by entering any such order, the Indiana Code directs the IURC to consider:

> (1) Whether technological or operating conditions, competitive forces, or the extent of regulation by other state or federal regulatory bodies render the exercise, in whole or in part, of jurisdiction by the commission unnecessary or wasteful.

> (2) Whether the commission's declining to exercise, in whole or in part, its jurisdiction will be beneficial for the energy utility, the energy utility's customers, or the state.

> (3) Whether the commission's declining to exercise, in whole or in part, its jurisdiction will promote energy utility efficiency.

> (4) Whether the exercise of commission jurisdiction inhibits an energy utility from competing with other providers of functionally similar energy services or equipment.

I.C. § 8-1-2.5-5(b).

[12] Here, there is no dispute that Lone Oak would usually be subject to the IURC's jurisdiction. There is also no dispute that Lone Oak had standing to request and did request that the IURC decline to exercise jurisdiction over the construction and operation of Lone Oak's Madison County solar farm project in accordance with Indiana Code section 8-1-2.5-5. And there is no dispute that the IURC

granted Lone Oak its requested relief by entering a declination order. The instant appeal arises out of Lone Oak's ensuing attempt to have the IURC reassert jurisdiction over the solar farm project, which the IURC declined to do.

[13] Lone Oak asserts that, (1) in seeking to have the IURC invalidate the BZA's refusal to amend the special use permit, the IURC's jurisdiction "is not discretionary[] but mandatory" under the usual statutory regime for public utilities that are subjected to municipal ordinances. Appellant's Br. at 18 (citing, *inter alia*, I.C. § 8-1-2-101). Lone Oak likewise asserts that (2) the usual statutory regime exempts it from Madison County's regulations and that the IURC "has no authority to determine otherwise." *Id.* at 19. And Lone Oak asserts that (3) Madison County's ordinance unlawfully discriminates against Lone Oak based on its fuel source. Finally, Lone Oak also argues that (4) the IURC's declination of jurisdiction violates the Dormant Commerce Clause of the United States Constitution.

[14] Lone Oak's first three arguments each seek to apply the IURC's usual statutory regime, and, accordingly, those arguments assume IURC jurisdiction in this case. But Lone Oak's solar farm project is not proceeding under the IURC's usual regime. Lone Oak itself asked the IURC to decline to exercise its usual jurisdiction in accordance with Indiana law, namely, Indiana Code section 8-1-2.5-5. The IURC granted Lone Oak's request, which removed Lone Oak's construction and operation of the solar farm from the IURC's jurisdiction and placed the project under the regulation of the BZA. Thus, Lone Oak's first three

arguments are all based on the incorrect premise of usual IURC jurisdiction, and they fail accordingly.

[15] Still, Lone Oak also appears to suggest that, by filing a new petition with the IURC under a new cause number, Lone Oak automatically reinstated the IURC's usual jurisdiction over the solar farm project. The IURC did not consider Lone Oak's new petition to be a basis to circumvent the standing declination order, and Lone Oak cites no compelling authority to our Court for its proposition that the IURC was obliged to entertain Lone Oak's attempt to circumvent that order. We therefore reject this argument as well.

[16] Finally, we briefly note Lone Oak's fourth argument that seeks to overturn the IURC's declination order under the Dormant Commerce Clause. But the IURC entered the declination order at Lone Oak's request, and Lone Oak cites no compelling authority for the proposition that it cannot be held to an order, even an unconstitutional one, that it has expressly requested. Lone Oak has invited any error under the Dormant Commerce Clause, and, accordingly, we will not consider this argument. *E.g.*, *Durden v. State*, 99 N.E.3d 645, 651, 656 (Ind. 2018).

[17] For all of these reasons, we affirm the IURC's decision to not reassert jurisdiction.

[18] Affirmed.

Altice, C.J., and Bailey, J., concur.

ATTORNEYS FOR APPELLANT

Bryan H. Babb
Nikki Gray Shoultz
Kristina Kern Wheeler
Bose McKinney & Evans, LLP
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE INDIANA UTILITY REGULATORY COMMISSION

Beth E. Heline
Jeremy Comeau
James Surd
Indiana Utility Regulatory Commission
Indianapolis, Indiana

Theodore E. Rokita
Benjamin M. L. Jones
Kyle M. Hunter
Office of the Attorney General
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE INDIANA OFFICE OF UTILITY CONSUMER COUNSELOR

William I. Fine
T. Jason Haas,
Indiana Office of Utility Consumer Counselor
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE MADISON COUNTY BOARD OF ZONING APPEALS AND MADISON COUNTY BOARD OF COMMISSIONERS

Kevin D. Koons
Adam R. Doerr
Kroger Gardis & Regas, LLP
Indianapolis, Indiana


ATTORNEYS FOR AMICUS CURIAE INDIANA STATEWIDE ASSOCIATION OF RURAL ELECTRIC COOPERATIVES, INC.

Erin C. Borissov
Leah Robyn Zoccola
Parr Richey Frandsen Patterson Kruse LLP
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE CLEAN GRID ALLIANCE

Todd A. Richardson
Lewis Kappes, P.C.
Indianapolis, Indiana


ATTORNEY FOR AMICUS CURIAE CITIZENS ACTION COALITION OF INDIANA, INC., AND INDIANA CONSERVATIVE ALLIANCE FOR ENERGY

Jennifer A. Washburn
Citizens Action Coalition of Indiana, Inc.
Indianapolis, Indiana


ATTORNEY FOR AMICUS CURIAE INTERESTED INDIANA PROPERTY OWNERS

Laureen R. White
HeplerBroom, LLC
Hammond, Indiana